ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
v. WILLIAMS.

Opinion delivered November 18, 1912.

APPEAL AND ERROR—INSTRUCTION—OBJECTION.—Where an instruction given by the trial court was objected to on a certain ground, the appellant can not on appeal insist that the instruction was erroneous upon another ground.

Appeal from Saline Circuit Court; *W. H. Evans*, Judge; affirmed.

*E. B. Kinsworthy, H. S. Powell, R. E. Wiley* and *W. G. Riddick*, for appellant.

*Mehaffy, Reid & Mehaffy*, for appellee.

McCulloch, C. J. The plaintiffs, three of them, are owners of small tracts of land in Saline County, Arkansas, and instituted this action against the railway company to recover damages alleged to have been caused by reason of injury to saids lands from waters overflowing from Clift's Creek. It is alleged in the amended complaint that the overflowing of the lands was caused by the act of the defendant in allowing obstructions to be placed and to accumulate in the culvert where the railroad passes over Clift's Creek, the allegation being that, within three years before the commencement of the action, the agents and servants of the defendant, in repairing the culvert, dumped the old material, such as "guard rails, rotton ties, and ends of timbers cut off from fitting the material for said repairs, into the stream below," and that said timbers were allowed to remain in the stream below the culvert and dam it up, so that it caused the lands of plaintiffs to be injured by the overflow. It is also alleged that within three years next before the commencement of the action defendant's agents and servants, in repairing the culvert, had put new piling thereunder, "placing said new piling between the ends of the fill   *   *   *   and the edge of said stream; that the old piling was sawed off about two feet above the top of the ground, the stumps of the old piling being left sticking up out of the ground, and so near the channel of said stream, that, in times of high water, drift would lodge against said stumps and assist in backing the water up and forcing it to flow out of the original channel."

In the original complaint there was an allegation of negligence in narrowing the culvert; but this is alleged to have occurred five or six years before the commencement of the action, and no effort was made to recover under that allegation. The case was tried entirely upon the question whether the injury was caused by negligence of the defendant within three years before the commencement of the action. The cases

were consolidated, and on trial before a jury a verdict was rendered in favor of the plaintiffs assessing damages in the aggregate sum of $70, and the defendant has appealed from the judgment.

It is insisted, in the first place, that the testimony is not sufficient to support the verdict. Much space is given in the brief to the argument of the question whether damages could be recovered for the injury, if any, which resulted from the narrowing of the trestle or culvert; but plaintiffs concede that there is no right of recovery on account of that act, and the case was submitted to the jury entirely upon the right to recover upon alleged acts of negligence which occurred within three years.

While the great preponderance of the testimony seems to be in favor of the defendant, we are of the opinion that there was enough to go to the jury, and that the verdict is sustained by the evidence. The trial jury was the sole judge of the credibility of the witnesses, and it is not our duty to reverse a case simply because the verdict appears to us to be against the preponderance of the evidence. Many witnesses testified that Clift's Creek frequently overflowed, and that the alleged obstruction in the culvert did not and could not have any appreciable effect upon the flow of water; but there was some testimony to the effect that the stream did not overflow sufficiently to damage plaintiff's lands until these obstructions were allowed by the defendant to accumulate in the culvert.

The following instruction was given over defendant's objection, and the ruling is now assigned as error.

"If you believe from the evidence in this case that any obstructions put into the creek or negligently left in the creek by the defendant either caused the damage to plaintiffs' land or contributed to cause the damage, then your verdict must be for the plaintiffs."

It is insisted that this instruction is erroneous for the reason that it permits the recovery of all damages caused by the overflow merely because the damages may have been increased by reason of the obstructions placed in the culvert. We scarcely think the instruction is open to that objection, as it is fairly susceptible only of the meaning that the defendant is liable for that part of the injury to which negligent acts

of its servants contributed; but, even if this part of the instruction is not strictly accurate and is open to the objection now made to it, it is too late to complain for the reason that the defendant at the time based its objection upon an entirely different ground. It objected on the ground that the first part of the instruction was erroneous, and asked that the court strike out the following words, "any obstruction put into the creek or negligently left in the creek by the defendant." The use of those words was proper, and was clearly within the issues, so the court did not err in refusing to sustain that objection; and it is now too late to urge any other objection.

There are several other assignments of error which we do not deem of sufficient importance to discuss.

Finding no error in the record, the judgment is affirmed.